[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 09, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11428
Non-Argument Calendar

_____

D. C. Docket No. 08-80174-CV-DMM

GEORGE LUIS RIVERA,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,
ATTORNEY GENERAL FOR THE STATE OF
FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2009)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

George Luis Rivera appeals the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We granted a certificate of appealability to determine whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), when it failed to address his substantive claims regarding prosecutorial misconduct and the state court's denial of his motion to suppress.

*Clisby* requires district courts "to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, regardless whether habeas relief is granted or denied." *Id.* at 936. Thus, when a district court fails to address all of the claims presented in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ." *Id.* at 938.

In his § 2254 petition and supporting memorandum of law, Rivera asserted under ground four that there was misconduct at trial because the prosecution improperly referred to communications that Rivera had with the elders of his church. Under ground six, Rivera claimed his confession should have been suppressed because his *Miranda* rights were violated. Rivera did not argue his counsel was ineffective for either ground. In response, the State addressed grounds four and six as ineffective-assistance-of-counsel claims. The state asserted that

2

Rivera had raised these claims in a state post-conviction motion as ineffective assistance of appellate counsel for failing to argue prosecutorial misconduct on direct appeal and ineffective assistance of appellate counsel for failing to raise the suppression issue on direct appeal. In Rivera's reply to the State, he introduced both grounds four and six as ineffective-assistance-of-counsel claims, asserting his appellate counsel's performance was both deficient and prejudicial for each issue.

In the report and recommendation, which the district court adopted, the magistrate judge identified Rivera's grounds for relief as whether: "4) [t]here was procedural misconduct in the improper admission of privilege communication . . . [and] 6) [t]he confession should have been suppressed." However, when the magistrate judge addressed both of these grounds for relief, he addressed them as ineffective-assistance-of-counsel claims.

The district court did not comply with the dictates of *Clisby* because it failed to address Rivera's substantive claims regarding prosecutorial misconduct and the denial of his motion to suppress. The district court's violation of *Clisby* is understandable, however, because the State appeared to make an assumption that Rivera intended to raise the two claims in the same manner that he raised them in state court. Further, Rivera's reply to the State's brief framed the claims as ineffective-assistance-of-counsel arguments.

Thus, we vacate the judgment without prejudice and remand the two remaining claims for consideration by the district court. We make no determination whether these claims were properly exhausted in state court. We merely instruct the court to resolve these two claims.

**VACATED AND REMANDED.**